UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

HEIDI L. WHITE and KRISTEN
BELTRAN, individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.                                                                          No. 6:26-CV-143-H

DELVE TECHNOLOGIES, INC., d/b/a
DELVE, et al.,

      Defendants.

## ORDER

Before the Court is Delve Technologies, Inc.'s opposed motion to set aside the Clerk's entry of default under Federal Rule of Civil Procedure 55(c). Dkt. No. 28. The plaintiffs responded (Dkt. No. 38) and Delve replied (Dkt. No. 43). Having considered the motion, the parties' briefing, and the applicable law, the Court finds that Delve has shown good cause to set aside the Clerk's entry of default. The motion (Dkt. No. 28) is granted.

## 1.    Background

The plaintiffs' amended complaint, filed on April 8, 2026, alleges that Delve contributed to a data breach affecting the plaintiffs and other members of a putative class. Dkt. No. 3 ¶¶ 17–21, 44. Delve designated Corporation Service Company (CSC) as its registered agent for service of process. Dkt. No. 28 at 6. CSC received a copy of the summons and amended complaint on April 10, 2026—two days after the plaintiffs filed their amended complaint. *Id.* As it normally does, CSC forwarded the service-of-process documents to Delve's management team via email. *Id.* Delve's answer was therefore due on May 1, 2026—21 days after service was complete. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

But Delve failed to answer or otherwise respond to the complaint by that deadline. So, at the plaintiffs' request, the Clerk entered default against Delve on May 5, 2026. Dkt. No. 23.

The parties dispute why Delve failed to respond to the complaint. Delve contends that, although CSC timely transmitted the summons and amended complaint by email, the message never reached the Delve personnel responsible for responding to litigation. Dkt. No. 28 at 6. In its telling, the company's internal email client "filtered CSC's email domain out of Delve's primary inbox." *Id.* Thus, the complaint and summons were shielded from the view of any Delve employee with the authority to retain litigation counsel or direct a legal response. *Id.* Delve further maintains that it became aware of this lawsuit on or about May 8, 2026, when company personnel manually checked Delve's corporate email filter and discovered CSC's email. *Id.* Delve retained legal counsel shortly thereafter. *Id.*

The plaintiffs see things differently. They contend that Delve had ample notice of the lawsuit through other communications. *See* Dkt. No. 38 at 7–9. In one letter to Delve dated May 5, 2026, the plaintiffs stated that they preferred to litigate on the merits, that they "[did] not seek to obtain a judgment by reason of inadvertence," and that they were open to discussing a joint or unopposed motion to set aside the default if Delve appeared promptly. Dkt. No. 39 at 18. Only later did the plaintiffs note their opposition to the motion.

2. **Legal Standard**

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause." In assessing good cause, courts in the Fifth Circuit consider: (1) whether the default was willful or the result of excusable neglect; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant has presented a meritorious defense. *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citing *Lacy v. Sitel*

*Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000)). "The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018).

That said, default judgments are generally disfavored under the law, such that any doubts over a Rule 55(c) motion should be resolved in favor of setting aside a default and considering a case on its merits. *Lacy*, 227 F.3d at 292.

### A.    Willfulness

A willful default is an "intentional failure" to respond to litigation. *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008) (quoting *Lacy*, 227 F.3d at 292). Said differently, willfulness involves ignoring the litigation and "choosing to play games" with the court by failing to respond. *See Sw. Bell Tel. Co. v. Raza Telecom, Inc.*, No. 3:13-CV-1621, 2013 WL 11330884, at *2 (N.D. Tex. Nov. 22, 2013) (alteration omitted) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). Excusable neglect, on the other hand, refers to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). Late filings due to mistake, inadvertence, or carelessness—and not to bad faith—are examples of excusable neglect. *Mattress Giant Corp. v. Motor Advert. & Design, Inc.*, No. 3:07-CV-1728, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (citation modified) (quoting *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

### B.    Prejudice to the Plaintiffs

A plaintiff is not prejudiced merely because she would have to prove her case if the motion were granted. *See Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960). Nor does prejudice arise because there would be some delay in collecting on a judgment. *Lacy*, 227 F.3d at 293. Indeed, to be prejudicial, there must be a likelihood that

granting the motion would "result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Generally, prejudice is less likely when the motion is filed while the case is in its "early stages." *See Flores v. Koster*, No. 3:11-CV-726, 2012 WL 6850724, at *2 (N.D. Tex. Dec. 19, 2012), *report & recommendation adopted*, 2013 WL 145872 (N.D. Tex. Jan. 14, 2013).

### C. Meritorious Defenses

On the third factor, a defendant must only "present a meritorious defense sufficient to support a finding on the merits for the defaulting party." *Lacy*, 227 F.3d at 293. The inquiry is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA*, 551 F.3d at 373 (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008)). "'[E]ven a hint of suggestion' of a meritorious defense is sufficient." *Sw. Bell Tel. Co.*, 2013 WL 11330884, at *2 (quoting *J & J Sports Prods., Inc. v. Moso Ventures, Inc.*, No. 3:11-CV-1767, 2012 WL 3846536, at *2 (N.D. Tex. Aug. 10, 2012), *report & recommendation adopted*, 2012 WL 3846514 (N.D. Tex. Sept. 5, 2012)).

### 3. Analysis

### A. Delve's default was not willful.

The first factor cuts in Delve's favor. Willfulness requires more than simple inadvertence or poor internal procedures. *Cf. McGarrah v. Kmart Corp.*, No. 3:97-CV-2386, 1998 WL 760275, at *1 (N.D. Tex. Oct. 22, 1998) (finding that the defendant's failure to answer was due to excusable neglect where the defendant misplaced the complaint despite "well-established procedures" for responding to lawsuits). The standard instead

contemplates an intentional, deliberate decision to ignore litigation or a conscious choice not to participate in the judicial process. The record reflects neither. Despite the plaintiffs' assertion that it is "hard to believe that a high-tech company like Delve" would have subpar email filtering, the Court has seen no actual evidence to support that proposition. *See* Dkt. No. 38 at 5.

Moreover, the plaintiffs' challenge to Delve's explanation for why the summons and amended complaint went unanswered falls short. *See id.* at 18–20. They argue that Delve learned of the lawsuit separate and apart from CSC and contend that those communications render Delve's email-filtering explanation implausible. *Id.* Yet even assuming the plaintiffs' criticisms have force, they still do not establish willfulness. At worst, the plaintiffs' evidence suggests that Delve maintained inadequate procedures for routing litigation-related communications or failed to appreciate information that reached the company through various channels. Delve does not dispute that its processes were a "technical failure" resulting from subpar email filtering. Dkt. No. 28 at 8. But a substandard practice is inadvertence, not willfulness. Rule 55(c) reserves the harsh consequences of default for the latter, not the former, and there is no evidence of deliberate inaction on the part of Delve. *See Lacy*, 227 F.3d at 292.

Nor does Delve's conduct after discovering the lawsuit resemble that of a party attempting to evade judicial proceedings. Once the appropriate personnel were informed of the litigation, Delve retained counsel, promptly contacted the plaintiffs, advised that it intended to seek relief from the default, and filed the present motion within weeks. *See* Dkt. No. 28 at 6–7. Such conduct, coupled with a lack of evidence of deliberate inaction, weighs strongly against the plaintiffs' contentions of willful neglect.

### B.    Setting aside the default will not prejudice the plaintiffs.

Under Rule 55(c), prejudice means more than losing the benefit of a procedural victory. *Lacy*, 227 F.3d at 293. The plaintiffs have not concretely identified discovery that has been compromised by the relatively brief delay between Delve's inadvertent default and its motion. Indeed, beyond references to potential "preservation problems or spoliation" due to "Delve's apparent internal process problems," there is nothing to suggest that the delay will "result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Dkt. No. 38 at 17–18 (quoting *Lacy*, 227 F.3d at 293). To be sure, the plaintiffs will now have to prove their case, but the limited delay does not constitute prejudice. *See Gen. Tel. Corp.*, 277 F.2d at 921.

The procedural history further undercuts any claim of prejudice. Shortly after the entry of default, the plaintiffs advised Delve that they preferred to litigate on the merits, rather than obtain a judgment through inadvertence. *See* Dkt. No. 39 at 18. And they expressed a willingness to discuss a joint or unopposed motion. *Id.* Although the plaintiffs ultimately opposed Delve's motion after filing, earlier representations make it difficult to conclude that allowing the case to proceed on the merits would cause prejudice. Moreover, the case is in its early stages, and the filing of Delve's motion for relief was in close temporal proximity to the default. At the time the motion was filed, there were also several other named defendants against whom the plaintiffs would have needed to prosecute claims. *See* Dkt. No. 28 at 10. Thus, the Court concludes that the prejudice factor weighs in favor of setting aside the default.

### C.    Delve has potentially meritorious defenses available.

The final factor also weighs in favor of granting relief.  A defendant seeking to set aside a default need not establish that it will ultimately prevail—rather, it must only present a defense that could produce a different outcome on the merits.  Delve has satisfied this modest burden.  In its briefing, Delve raises several threshold defenses—both factual and jurisdictional—that, if successful, would dispose of some or all of the claims against it.  *Id.* at 11.  The Court expresses no view on the ultimate merits of those defenses; it is enough that they are neither frivolous nor facially deficient and, if sustained, would materially affect the outcome of the litigation.  Delve has presented more than a "hint of suggestion" of a colorable defense.  *Sw. Bell Tel. Co.*, 2013 WL 11330884, at *2 (quotation omitted).  Thus, the third factor—like the other two—weigh in Delve's favor.

### 4.    Conclusion

In short, Delve did not deliberately ignore these proceedings, the plaintiffs will not be prejudiced by litigating their claims on the merits, and Delve has raised meritorious defenses that warrant consideration.  The law favors resolving disputes on their merits, and nothing in the record justifies the harsh result of foreclosing Delve from defending this action based on an internal failure in processing service.  Thus, the Court finds that Delve has established good cause under Rule 55(c).  The motion (Dkt. No. 28) is granted, and the Clerk of Court is directed to set aside the default.[1]  *See* Dkt. No. 23.

Delve shall file its answer or otherwise respond to the amended complaint within seven days of this Order.

---

[1] The plaintiffs' request for attorneys' fees is denied without prejudice to filing an appropriate motion.  *See* Dkt. No. 38 at 23–24.

– 8 –

So ordered on August _6_, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE